In the Matter of ANDREW I. ALBERT, an Attorney, Respondent

First Department, October 9, 1931.

*Richard H. Clarke* of counsel [*George R. Adams,* attorney], for the petitioner.

*Harold R. Medina,* for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on July 8, 1902, at a term of the Appellate Division of the Supreme Court, First Department, under the name of Isadore Albert, and has ever since been acting and practicing as such attorney and counselor at law in the courts of this State.

By the petition herein the respondent was charged with conversion and with the bringing of a large number of personal injury actions in the names of several attorneys and law firms without their knowledge or consent.

The respondent answered and the matter was referred to an official referee to take testimony with respect to the charges and to report the same to the court, with his opinion thereon. The learned referee has duly reported, finding the respondent guilty of the charge of bringing personal injury actions in the name of attorneys without their knowledge. The matter now is before this court upon the motion of the petitioner for confirmation of the report of the referee and for such other action as may be deemed just and proper.

The record in the case clearly supports the finding of the referee. The respondent has made a practice of bringing personal injury actions in the names of other attorneys. Indeed, the respondent admits this and explains it by testifying that in all cases in which the Public Service Mutual Casualty Insurance Corporation was involved he deemed it necessary for the protection of his clients to conceal his identity as attorney of record as he had quarreled with the officers of that company and thought reasonable settlements would be refused if he appeared as attorney of record in the case. The respondent, however, denied that the actions in question had been brought without the consent of the attorneys in whose names they were instituted. The sole issue thus involved in this proceeding was an issue of fact as to whether or not the actions were instituted by the respondent with the knowledge and consent of the respective attorneys whose names were employed. The issue is proven clearly, not in one case only but in several. The great weight of the evidence sustains fully the finding of the learned referee, who saw and heard the witnesses, that such consents were lacking. Indeed the finding is confirmed by a writing over the signature of respondent.

The respondent should be disbarred.

MERRELL, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent disbarred.